**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| RAYMOND ABRAHAM, *et al.*, | ) |
| Plaintiffs, | ) Case No. 16-cv-11642 |
| v. | ) |
| GROUP O, INC., | ) Judge John Z. Lee |
| Defendant. | ) |

**PLAINTIFFS' REPSONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER AND REQUIRE INDIVIDUAL SUITS FOR MISJOINDER UNDER RULES 20 AND 21**

NOW COME Plaintiffs, by and through their undersigned attorneys for their Response in Opposition to Defendant's Motion to Sever and Require Individual Suits for Misjoinder Under Rules 20 and 21, and state as follows:

**INTRODUCTION**

Defendant moves to request that this Court sever the claims of each of the Plaintiffs and require each Plaintiff to file an individual suit. In support of its request, Defendant argues that Judge Kocoras' decision to decertify the collective action in the case, *Creal et al v. Group O, Inc.*, 155 F.Supp.3d 831 (N.D.Ill. 2016), precludes Plaintiffs from jointly filing their claims arising under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* pursuant to the doctrine of collaterial estoppel. However, the Seventh Circuit has not definitively held that the Rule 20 standard and the FLSA Section 216(b) standard are comparable. See, *Adkins v. Ill. Bell Tel. Co.*, 2015 U.S. Dist. LEXIS 40245, at *29 (N.D. Ill. Mar. 24, 2015). Thus, the doctrine of collateral estoppel does not apply. Secondly, Plaintiffs satisfy the two requirements of Rule 20(a) of the Federal Rules of Civil Procedure: 1) occurrence of some question of fact or law common to all

parties and 2) existence of right to relief predicated upon or arising out of single transaction or occurrence or series thereof. Fed. R. Civ. P. 20(a). Finally, in the interests of fundamental fairness and judicial economy, this Court should deny Defendant's motion without prejudice to allow the parties to conduct limited discovery on Defendant's dispositive motion. After conducting discovery, the parties will be in a better position to determine whether the claims should be severed, and if so, whether the plaintiffs' claims can be categorized into smaller sub-groups. Requiring the individual Plaintiffs to separately file their respective claims would not support the interests of judicial economy. In fact, doing so would flood the Court with 76 individual complaints, all of which arise out of the same transaction or occurrence and give rise to common questions of fact and law. Defendant cannot seriously argue that this promotes greater efficiency than the current suit. Severing the individual claims would also unfairly prejudice Plaintiffs and would contradict the primary purpose of the FLSA, i.e. enabling workers to pool their resources and jointly file their wage violation claims when it would be cost prohibitive for these workers to litigate their claims individually. Accordingly, Plaintiffs request that this Court deny Defendant's Motion to Sever and Require Individual Suits for Misjoinder Under Rules 20 and 21, without prejudice, to allow the parties to conduct discovery on the dispositive issues.

## **ARGUMENT**

The core argument of Defendant's motion to sever is that severing plaintiffs' claims would somehow avoid prejudice and delay, promote judicial economy, and safeguard principles of fundamental fairness. However, severing plaintiffs' claims and requiring individual suits would have the opposite effect. A substantial number of issues in this matter are the same: the plaintiffs worked at the same location, many had the same supervisor, and the crux of each of

their claims is that Defendant Group O failed to pay their correct wages as a result of impermissible rounding policies and forced them to work through their lunch break. Dkt. 14. Each plaintiff used the same time system program, Kronos, to clock in and clock out each day. Dkt. 14, ¶87. Each of the Plaintiffs are represented by the same attorneys. Dkt. 3; Dkt. 4. Additionally, due to the major similarities between the plaintiffs' claims, many of these plaintiffs will be deposing the same Defendant employees. Each of these considerations demonstrate that it is in the interests of this Court to deny Defendant's motion without prejudice to allow the parties to conduct discovery on the issues relating to Defendant's dispositive motion.

**I.        Plaintiffs are Not Estopped from Jointly Litigating Their Claims Under the FLSA.**

In its motion, Defendant relies heavily upon the unpublished decision, *Adkins v. Illinois Bell Telephone Co.*, 2015 U.S. Dist. LEXIS 40246 (N.D. Ill. March 4, 2015) and the analysis in Defendant's motion mirrors the analysis in the *Adkins* decision. However, other courts in the Seventh Circuit have permitted plaintiffs to jointly file their claims following a class decertification. See, e.g., *Rochlin v. Cincinnati Ins. Co.*, 2003 U.S. Dist. LEXIS 13759, at *36 (S.D. Ind. July 8, 2003). Notably, the standards for certification pursuant to Section 216(b) and Rule 20 joinder are different. *Cf*. 29 U.S.C. § 216(b); Fed. R. Civ. P. 20. While some courts, such as the *Adkins* court, have found Rule 20 and Section 216(b) to be comparable, the Seventh Circuit has not definitively ruled whether the standard for a 216(b) collective action is, in fact, less stringent than the requirements of Rule 20 joinder. See, *Adkins*, 2015 U.S. Dist. LEXIS 40246, at *29 (N.D. Ill. March 24, 2015)(noting the lack of guidance from the Seventh Circuit Court of Appeals and relying on caselaw from the 11th Circuit Court of Appeals).

Even if this Court finds the *Adkins* decision to be persuasive, the instant case is distinguishable. In *Adkins*, there was no single timekeeping policy common to all of the

Plaintiffs. *Id*. at 30-31. In the instant case, each of the Plaintiffs were required to record their time using the Kronos, Group O's electronic timekeeping system. Dkt. 14, ¶87. Another consideration is that, in the *Creal* case, the companion case to the instant matter, Judge Kocoras conditionally certified the class pursuant to Rule 216(b), demonstrating that Plaintiffs' claims, in fact, do arise out of the same transaction and occurrences and give rise to common questions of law and fact. Judge Kocoras' Memorandum and Opinion, dated May 13, 2014, attached hereto as Exhibit A. Additionally, the parties to the *Creal* matter are also involved in a state class action litigation in the Circuit Court of the Twelfth Judicial Circuit of Will County (Case No. 2012L000138) alleging violations of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act by Defendant. On September 30, 2015, Judge Michael Powers ruled in favor of Plaintiffs' Motion for Class Certification and certified a class pursuant to Illinois state law. (*See* State Court's Order, hereinafter, Exhibit B).

In his opinion, Judge Kocoras noted that the Plaintiffs "used the same time-tracking system and allegedly were subject to the same wage payment policy as the named plaintiffs." Ex. A. at 6. The plaintiffs in the instant case are each represented by the same counsel, whereas the Plaintiffs in the Adkins case had different attorneys (which was a factor that led Judge Castillo to determine that joining the Plaintiffs' claims would be cumbersome). *Adkins*, 2015 U.S. Dist. LEXIS 40246, at * 46 (N.D. Ill. Mar. 24, 2015).

Ultimately, the district court has wide discretion concerning the joinder of parties and the Seventh Circuit recognizes that this discretion allows a trial court to consider, in addition to the requirements of Fed. R. Civ. P. 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. *Pruitt v. Pers. Staffing Grp., LLC*, 2016 U.S. Dist. LEXIS 164710, at *22-23 (N.D. Ill. Nov. 30, 2016).

In fact, courts, time and again, have used their discretion to permit permissive joinder of parties in the interests of fundamental fairness. See, e.g. *Anderson v. Montgomery Ward & Company, Inc.*, 852 F.2d 1008, 1009, 1011, 1013 (7th Cir. 1988); *Rochlin v. Cincinnati Ins. Co.*, 2003 U.S. Dist. LEXIS 13759, at *36 (S.D. Ind. Jul. 8, 2003); *Murray v. Tyson Foods, Inc.*, 2010 U.S. Dist. LEXIS 16556 (C.D. Ill. Feb. 24, 2010); *Allen v. Atlantic Richfield Company*, 724 F.2d 1131 (5th Cir. 1984). Even the *Creal* companion case proceeded to a multi-plaintiff action following the class decertification order. Judge Kocoras' Memorandum and Opinion Denying Defendant's Motion for Summary Judgment as to Plaintiffs Michell Creal and Kasandra Murphy, dated June 8, 2016, attached hereto as Exhibit C.

## II. Plaintiffs' Claims are Not Misjoined.

"The standard for permissive joinder under Fed. R. Civ. P. 20 is liberal; it requires only that the parties have (1) a right to relief arising from a single occurrence or series of occurrences and (2) a single common question of law or fact. *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F.Supp.2d 739, 745 (N.D. Ill. 2007). "[L]anguage in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience and added expense to the parties and to the court." *Id.,* citing 7 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1653(3d ed. 2001).

The purpose of Rule 20 is to "promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Rochlin v. Cincinnati Ins., Co.*, 2003 U.S. Dist. LEXIS 13759, at *37 (S.D. Ind. July 8, 2003). Trial courts have wide discretion and may consider other factors to "comport with the principles of fundamental fairness[.]" *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001)(quoting *Desert Empire Bank v. Ins. Co. of*

*N.Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)); *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

Trial convenience and expeditious resolution of disputes was also a primary consideration for Congress in drafting the FLSA. Congress intended to enable Plaintiffs bringing claims under the FLSA to lower the individual costs they may accrue in the process of vindicating their FLSA rights by allowing these Plaintiffs to pool their resources in instances where individual claims may be cost-prohibitive. *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 170 (1989)(interpreting 29 U.S.C. § 216(b)). This serves a dual purpose of allowing the judicial system to benefit through efficient resolution of one proceeding of common issues of law and fact, as opposed to numerous smaller suits that consider similar issues. *Id*.

Based upon this fundamental purpose of Rule 20, courts have allowed multiple plaintiffs to proceed with their individual actions together in one joint action on many occasions. E.g. *Allen v. Atlantic Richfield Company*, 724 F.2d 1131 (5th Cir. 1984)(22 individual plaintiff actions joined under Rule 20); *Murray v. Tyson Foods, Inc.*, 08-cv-4001 (C.D. Ill. Feb. 24, 2010)(6 plaintiff joint individual FLSA action); *Anderson v. Montgomery Ward & Company, Inc.*, 852 F.2d 1008, 1009, 1011, 1013 (7th Cir. 1988)(39 plaintiff joint action under FLSA procedures adopted by ADEA).

### A. Plaintiffs' Claims Under the FLSA Arise Under the Same Transactions and Occurrences

Federal courts in this circuit have interpreted the term "transaction" in a flexible manner. See, e.g., *Rochlin*, 2003 WL 21852341, at *13 (N.D. Ind. July 8, 2003). In fact, a "transaction can encompass a series of many occurrences, depending not so much upon the immediateness of

their connection as upon their logical relationship." *Id*. "Accordingly, all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id*.; see also, *Hawkins v. Groot Indus., Inc*., 210 F.R.D. 226, 230 (N.D. Ill. 2002)("[T]he allegations refer to discrimination during the same general time period, allege the same type of adverse employment actions, allege the same type of discrimination (race), and appear generally to accuse the same set of supervisors at the same work location, all factors favoring joinder.").

In this case, the Plaintiffs worked for Group O during the same period of time, many of these individuals have the same supervisor, Group O monitored these employees' work hours using the same timekeeping system, and these Plaintiffs each allege that Group O failed to pay them for all hours worked, including overtime. Dkt. 14. In its Motion, Defendant asks this Court to interpret the series of transactions as narrowly as possible in order to prevent the Plaintiffs from litigating their claims jointly. However, Defendant's request runs contrary to the primary purpose of Rule 20; namely to promote trial convenience, expedite final determination of disputes and prevent multiple lawsuits. *Mosley v. General Motors Corp*., 497 F.2d 1330, 1332 (8th Cir. 1974). Accordingly, this Court should find that Plaintiffs' claims arise under the same transactions and occurrences.

### B. Plaintiffs' Claims Give Rise to Common Questions of Fact and Law

Joinder does not require that *all* questions of law and fact raised by the dispute be common. *Id*. at 1334. "Yet, neither does it establish any qualitative or quantitative test of commonality." *Id*. In *Mosley*, the Court noted that while the effects of a discriminatory policy varied throughout the class, the existence of the discriminatory policy threatened the whole class. *Id*. Similarly, in the instant case, the Plaintiffs were affected by Group O's unlawful employment

practices in different ways (i.e. some Plaintiffs were required to work through their lunch breaks, some Plaintiffs allege that Group O rounded off their work hours in a way that benefitted Group O to the detriment of Plaintiffs, and some Plaintiffs allege that Group O altered their time records in a way that benefitted Group O to the detriment of Plaintiffs. Dkt. 14. The fact that each Plaintiff may have suffered different effects from the alleged violations of the FLSA is immaterial for the purposes of determining the common question of law or fact. *Mosley*, 497 F.2d at 1334. Moreover, Federal district courts have held that joinder of plaintiffs in an FLSA case is appropriate where the claims arise from a common payment system. *Luna v. Del Monte Fresh Produce (Se.), Inc*., 2009 U.S. Dist. LEXIS 115620, at *11 (N.D. Ga. Dec. 10, 2009). In this case, the Plaintiffs reported their work hours using the Kronos system. Dkt. 14, ¶87.

### C. Severance Would Impede Fairness and Judicial Economy

In its motion, Defendant ultimately alleges that severance would promote fairness and judicial economy and avoid confusion. As discussed in further detail herein, a primary objective of the FLSA is to enable worker to file their claims jointly in instances where it would be cost prohibitive for the worker to bring his or her claim individually. *Hoffman-LaRoche*, 493 U.S. at 170. It would be cost prohibitive for many of these individual Plaintiffs to file their claims individually, as their individual claim for damages is relatively small. In their motion, Defendant did not establish whatsoever that it is will be financially burdened by allowing Plaintiffs to proceed with their claims jointly, as opposed to individually. This is because the financial implications for Defendant are minimal.

These factors are compounded by the fact that each of the Plaintiffs are represented by same counsel, many of the Plaintiffs had the same supervisor, the same job duties and all of the Plaintiffs worked in the same location: the Joliet plant. *Cf. Adkins*, 2015 U.S. Dist. LEXIS

40246, at *20, 34, 46 (severing Plaintiffs claims after considering that Plaintiffs were represented by different attorneys, had different supervisors, different job duties and worked in different locations, the claims did not arise from the same transaction or occurrence). Although some Plaintiffs claim that they were required to work during their unpaid lunch break, while others did not, any differences between the Plaintiffs' claims are not significant enough to cause confusion or burden the Court.

It would not be economical for these plaintiffs to proceed with their claims on an individual basis. Many of these individuals had the same supervisor, worked for Group O during the same period, and have the same duties. Thus, it is highly foreseeable that many of these supervisors will be deposed in many of these Plaintiffs' cases. Any prejudice to Defendant caused by allowing the Plaintiffs to proceed jointly is outweighed by the burden that will be placed on this Court if the claims are severed and Group O's supervisors are required to appear for multiple depositions and trial. The cost of proceeding individually with discovery will make the individual cases prohibitively costly as these Plaintiffs' individual damages are relatively small. This completely contrasts with the principal purposes of Rule 20, i.e. preventing multiplicity of suits and unnecessary burden to the court. See, e.g., *United States v. Carolina Warehouse Co.*, 4 F.R.D. 291, 293 (D.S.C. 1945); *Pruitt v. Allied Chemical Corp.*, 85 F.R.D. 100, 115 (E.D. Va. 1980). In fact, allowing Plaintiffs' to proceed with their claims jointly would promote the interests of judicial economy because the parties would not be required to take multiple depositions of the same supervisors and human resources representatives.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this honorable Court deny Defendant's motion to sever and require individual suits for misjoinder under rules 20 and 21, without prejudice to allow the parties to conduct discovery on the dispositive issues.

DATED: April 7, 2017

                                              Respectfully Submitted,
                                              One of Their Attorneys,

                                              By:    <u>Renee C. Fell</u>
                                                        One of Their Attorneys

Uche O. Asonye – 6209522
Renee C. Fell - 6312785
ASONYE & ASSOCIATES
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
(312) 795-9114 (fax)
uasonye@aa-law.com
rfell@aa-law.com

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on April 7, 2017 she served the foregoing *Response in Opposition to Defendant's Motion to Sever and to Require Individual Suits* pursuant to the CM/ECF Electronic procedures issued by the Court, which then sent notice of the aforementioned documents to all parties of record.

                                                    /s/ Renee C. Fell

Uche O. Asonye – 6209522
Renee C. Fell - 6312785
ASONYE & ASSOCIATES
100 N. LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
(312) 795-9114 (fax)
uasonye@aa-law.com
rfell@aa-law.com